**The below described is SIGNED.**



**Dated: August 29, 2007**  _____

**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number:  07-22203 |
| MICHAEL JOHN KRUITBOSCH and TANYA JOY KRUITBOSCH, | Chapter 13 |
| Debtors. | |

## MEMORANDUM DECISION FINDING NONCOMPLIANCE WITH § 521(a)(1)(B)(iv) AS TO TANYA JOY KRUITBOSCH ONLY

### I.  BACKGROUND

The Debtors filed a bankruptcy petition on May 16, 2007, and 11 U.S.C.

§ 521(a)(1)(B)(iv)[1] required the Debtors to file "copies of all payment advices or other evidence

of payment received within 60 days before the date of the filing of the petition, by the debtor[s]

from any employer of the debtor[s]."  In this case, the 60-day prepetition period ranged from

March 16, 2007 to May 15, 2007.  The Debtors each timely filed a Payment Advices

Certification with certain payment advices attached, although neither of the Certifications had

_____

[1]      Future statutory references are to title 11 of the United States Code, as amended by the
Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), unless otherwise noted.

any of the boxes checked describing the attachments.[2]  Mrs. Kruitbosch's four filed payment

advices covered the pay dates of March 30, 2007; April 13, 2007; April 27, 2007; and May 11,

2007.  On August 1, 2007 — 77 days after the case was filed — Mrs. Kruitbosch filed a

Declaration of Missing Pay Stub of Tanya Kruitbosch (Declaration) with the missing March 16,

2007 payment advice attached.  She stated in the Declaration that she "did not receive a copy of

[her] March 16, 2007 pay stub because [she] did not retrieve it from [her] employer's web site at

the time of filing although it would have been available to [her] but it was not in [her] physical

possession when [she] filed."

The Chapter 13 Trustee questioned the sufficiency of Mrs. Kruitbosch's payment advices

at the August 9, 2007 confirmation hearing.  Because Mr. Kruitbosch complied with the filing

requirements of § 521(a)(1) and met the confirmation requirements of § 1325, the Court

confirmed the proposed chapter 13 plan as to him only and allowed the parties to brief the

payment advice issue.  For the reasons set forth in this Court's decision in *In re Miller*,[3] the Court

holds that Mrs. Kruitbosch did not comply with § 521(a)(1)(B)(iv) and that her case was

"automatically dismissed effective on the 46th day after the date of the filing of the petition"

under § 521(i)(1).

## II. DISCUSSION

Although the suggestion from the Declaration was that Mrs. Kruitbosch would be arguing

the point that "electronic receipt" of her payment advices did not constitute "receipt" for

---

[2]      The Court also notes that the Debtors' last name is consistently misspelled throughout
the Certifications.

[3]      - - - B.R. - - - -, No. 07-20270, 2007 WL 2007676 (Bankr. D. Utah July 12, 2007).

purposes of § 521(a)(1)(B)(iv), this argument was abandoned in the Debtors' Memorandum in

Support of Confirmation.[4]  Instead, the Debtors cited the Tenth Circuit Bankruptcy Appellate

Panel's (BAP) unpublished decision in *In re Svigel*[5] for the proposition that year-to-date

information on other filed payment advices constitutes sufficient "other evidence of payment"

under § 521(a)(1)(B)(iv).

First, *Svigel* did no more than remand the case to the bankruptcy court for consideration

of the debtor's year-to-date argument.  It did not actually address the issue on the merits, nor is it

binding precedent in any event because it is an unpublished decision.[6]  The Court also notes that

on remand, the bankruptcy court considered and rejected the debtor's year-to-date argument

citing *Miller* favorably for part of its conclusion.  The bankruptcy court entered a dismissal order

on July 23, 2007 and denied a motion to reconsider by order entered on August 3, 2007.  No

further appeal was taken.

Second, this Court specifically cited to, addressed, and rejected the argument raised by

the debtor in *Svigel* in its *Miller* decision.  Either all of Mrs. Kruitbosch's payment advices were

timely filed or they were not; they were not.  The Court sees no reason to reverse its position as

set forth in *Miller* based on the facts of this case.[7]

---

[4]    As such, the Court does not address the issue of "electronic receipt" at this time.  Suffice it to say that if the view expressed in the Declaration were correct, it is unclear why Mrs. Kruitbosch filed any payment advices at all.

[5]    Nos. WY-07-020, 06-20499, 2007 WL 1747117 (10th Cir. BAP June 18, 2007) (table).

[6]    *See* BAP Local Rule 8018-6(a) ("[The BAP's] unpublished decisions are not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.").

[7]    Although not critical to the Court's decision, the Memorandum in Support of Confirmation of Tanya Joy Kruitbosch is factually incorrect when it asserts that Mrs. Kruitbosch "had filed the pay stub immediately prior to the March 16, 2007 missing pay stub and the [sic] also had filed

### III. CONCLUSION

For the reasons set forth above and in *Miller*, the Court holds that Mrs. Kruitbosch did

not comply with § 521(a)(1)(B)(iv) and that § 521(i)(1) operated to automatically dismiss her

case on the 46th day after the petition filing date.  A separate Notice of Dismissal to that effect

shall be issued by the clerk's office.

-----------------------------------------END OF DOCUMENT-------------------------------------------



---

the pay stub immediately after the missing March 16, 2007 [pay stub]."  No payment advice earlier than
the March 16, 2007 payment advice was ever filed, timely or otherwise.

_____ooo0ooo_____

**SERVICE LIST**

Service of the foregoing **MEMORANDUM DECISION FINDING**

**NONCOMPLIANCE WITH § 521(a)(1)(B)(iv) AS TO TANYA JOY KRUITBOSCH**

**ONLY** will be effected through the Bankruptcy Noticing Center to each party listed below.


Michael John Kruitbosch
Tanya Joy Kruitbosch
2106 West 4750 South
Roy, UT  84067
        *Debtors*

Kevin G. Richards
2668 Grant Avenue
Suite 105
Ogden, UT 84401
        *Counsel for Debtors*

J. Vincent Cameron
47 West 200 South
Suite 600
Salt Lake City, UT  84101
        *Chapter 13 Trustee*

United States Trustee
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT  84111